LILLIAN KEY *v.* WILLIAM THOMAS WOODLIEF.

(Filed 12 December 1962.)

**1. Automobiles § 38;   Evidence § 15—**

Where a witness testifies that he saw the lights of an approaching vehicle but does not state that he had observed the movement of the lights for any length of time or that he had more than a fleeting glance at them, the witness fails to qualify himself to testify as to the speed of the approaching vehicle, and his testimony as to speed is without probative force and is incompetent.

**2. Evidence §§ 28, 54—**

When a party elicits testimony from a physician that he did not know whether plaintiff was intoxicated and the intoxication of plaintiff relates to a collateral matter, the party is bound by the physician's answer, and testimony of another witness that the physician had made a statement to the effect that plaintiff was "loaded" at the time is incompetent as hearsay.

**3. Appeal and Error § 41—**

Where the jury answers the issue of negligence in the negative and does not answer the issue of contributory negligence and damages, the admission of incompetent evidence to the effect that plaintiff was intoxicated at the time will not be held for prejudicial error, since such evidence relates only to the unanswered issue of contributory negligence and cannot have affected the answer to the determinative issue of negligence, there being ample evidence tending to show the absence of negligence on the part of defendant and defendant not having argued or contended that the plaintiff was under the influence of liquor at the time.

**4. Appeal and Error § 39—**

The judgment of the lower court is presumed correct and the burden is

upon appellant to show error amounting to the denial of some substantial right.

APPEAL by plaintiff from *Olive, J.,* April, 1962 Term, RANDOLPH Superior Court.

Civil action to recover damages plaintiff alleged she sustained as a result of the defendant's negligent operation of his automobile.

The plaintiff alleged and offered evidence tending to show that on the night of August 6, 1960, just before midnight, she was walking north on the west shoulder of Highway No. 220 when the defendant, driving his automobile south at great speed, ran off the paved portion of the highway, striking her, and inflicting serious and permanent injuries.

The defendant, by answer, denied all allegations of negligence on his part alleged the sole cause of the plaintiff's injuries was her own negligence in suddenly stepping in front of his moving vehicle at a place other than a crosswalk, leaving him insufficient time to avoid the accident. By way of further defense, he alleged the plaintiff's own negligence contributed to her injury.

Mr. C. A. Garner, as a witness for plaintiff, testified he was walking with her on the shoulder of the road. He saw the lights of the defendant's vehicle approaching him. "It might have been 100 to 150 feet away." He did not further qualify himself to testify as to speed. He did not undertake to say that he observed the movement of the lights, or that he had more than a fleeting glance at them. The court sustained the objection and refused to permit him to say that in his opinion the vehicle was moving 50 miles per hour. He admitted on cross-examination that the vehicle stopped on the surface of the road within 35 or 40 feet beyond the impact. He further testified he heard the defendant say, "That he didn't know what happened; that he didn't see her."

He further testified that after the contact Mrs. Key's head was on the paved portion of the highway. According to the defendant's evidence, her head and shoulders were on the pavement.

The defendant testified he was driving not more than 40 miles per hour when he saw Mrs. Key about 40 feet in front and in his lane of traffic. He applied his brakes, tried to cut to the left, but the right side of his vehicle "more or less glanced Mrs. Key, knocking her down."

After the accident the defendant's vehicle stopped on the hard surface at an angle of about 45°. The skid marks were only a few feet long and all on the surface. Coins and other articles from the plaintiff's purse were on the highway. As a result of the contact there was a small dent in the chrome border around the right light and a similar

small dent in the body near the right door. The defendant and his witness testified his vehicle never at any time left the hard surface of the highway.

There was evidence that the plaintiff's witness Garner, who had been with her much of the day, was at the time of the accident under the influence of alcohol. This he denied. The physician who treated the plaintiff for the injury testified he did not examine her "on the point of any intoxication" — he did not comment at the time about the patient being "loaded." He didn't know whether she was intoxicated or not.

The highway patrolman who investigated the accident testified that he talked to the plaintiff's witness Garner who stated that he and Mrs. Key were crossing the road and that she was hit by a car — she hit him and knocked him down. He said he never did see the car. The patrolman testified, over objection, that he talked with the physician at the hospital while he was treating Mrs. Key and, in response to an inquiry about her condition, the doctor replied, " . . . she was loaded."

The court submitted issues of negligence, contributory negligence, and damages. The jury answered the first issue, no, and left the other unanswered. From a judgment dismissing the action, the plaintiff appealed.

*Ottway Burton, Linwood T. Peoples, for plaintiff, appellant.*

*Jordan, Wright, Henson & Nichols, and G. Marlin Evans, by G. Marlin Evans, for defendant, appellee.*

HIGGINS, J.    The jury's negative finding on the issue of negligence ends the case unless the plaintiff is able to show reversible error on that issue. Any errors involving contributory negligence or damages, unless they likewise materially affect the first issue, are nonprejudicial.

The assigned errors requiring discussion are (1) the exclusion of the witness Garner's testimony that the defendant's speed was 50 miles per hour, and (2) the admission of the highway patrolman's testimony that the attending physician made the statement while he was treating the plaintiff that "she was loaded."

1.  Mr. Garner testified he saw the lights of defendant's vehicle when it was 100-150 feet away. He did not say he observed them for any distance. If it be admitted a witness may qualify himself to testify as to the speed of an approaching vehicle by merely seeing the lights, the observation must be for such distance as to enable him to do more than hazard a guess as to speed. In this case the witness did not qualify himself to testify as to speed. Therefore, the testi-

mony was without probative force, clearly incompetent, and properly excluded. *Hudson v. Transit Co.*, 250 N.C. 435, 108 S.E. 2d 900; *Fleming v. Twiggs*, 244 N.C. 666, 94 S.E. 2d 821; *State v. Becker*, 241 N.C. 321, 85 S.E. 2d 327.

2. At the time of the mishap the plaintiff and her companion Garner were on their way to visit in the home of a relative. It was near midnight. They had been together much of the day. The evidence strongly indicated that Garner was intoxicated. The plaintiff denied that she, or Garner to her knowledge, had been drinking. The physician who testified for the plaintiff as to her injuries was asked on cross-examination if the plaintiff was intoxicated. He stated he did not examine her for intoxication and did not know. He denied making the statement, "She was loaded." The highway patrolman, a witness for the defendant, was permitted, over objection, to contradict the doctor by testifying the doctor said "she was loaded." We need not quibble about the meaning of "loaded." Among the jurors, no doubt at least one will remember the jingle:

"When going up or down the road,
A little jug of liquor makes a big man a load."

Whether the plaintiff was "loaded" presented a collateral matter. When the doctor denied making the statement the defendant was bound by the answer. The testimony of the patrolman as to what the doctor said was hearsay and should have been excluded. *Gurganus v. Trust Co.*, 246 N.C. 655, 100 S.E. 2d 81; *Jones v. Bailey*, 246 N.C. 599, 99 S.E. 2d 768. However, was the evidence sufficiently prejudicial to justify sending the case back for a new trial? Did the evidence adversely affect the plaintiff's efforts to establish defendant's negligence?

A careful review of the charge on the first issue discloses that at no time did the court refer to any contention or suggestion the plaintiff was drinking. Not even Garner's condition was alluded to as having any bearing on defendant's negligence. The only reference to intoxication in the charge related to the issue of plaintiff's contributory negligence. The court thus stated the defendant's contentions: ". . . That she was walking along with Garner and that he was drinking and that he and she . . . were not paying attention and that they walked right into the lane of traffic." The court stated the plaintiff's contentions: ". . . That you should find from the evidence that she did cross the highway carefully, cautiously, lawfully, and that she was normal, that she had not been drinking anything."

There is no evidence in the record the defendant at any time argued or contended the plaintiff was under the influence of liquor.

The defendant's contention on the issue of contributory negligence was that Garner was drinking. Of this, there was ample evidence. The plaintiff was not prejudiced as a result of the contributory negligence issue for the simple reason that issue was not answered. If the jury had found the defendant guilty of negligence and the plaintiff guilty of contributory negligence, a more serious question would be presented.

The physical evidence strongly corroborated the defendant's contention that he was not speeding; that he remained in his lane of traffic; that the vehicle moved only 35-40 feet after contact; that it was at a 45-degree angle to the left, still on the highway; that all the skid marks were on the highway; and that dents on the right front light and the right side of the car indicated that the plaintiff was on the hard surface and the defendant tried, as he testified, to avoid her by turning to the left. Articles from plaintiff's purse were scattered on the highway. She was partially on the hard surface after the impact. The physical evidence, corroborating as it did the defendant's version of the case, was decisive. The disagreement between the highway patrolman and the doctor as to whether the latter said "she was loaded" was not enough materially to discolor the clear stream of evidence favorable to the defendant.

A presumption exists that the judgment is correct. Error warranting a reversal or a new trial must amount to the denial of some substantial right. *Rubber Co. v. Distributors, Inc.*, 256 N.C. 561, 124 S.E. 2d 508; *Jenkins v. Electric Co.*, 254 N.C. 553, 119 S.E. 2d 767; *In re Gamble*, 244 N.C. 149, 93 S.E. 2d 66; Strong's N. C. Index, Vol. 1, "Appeal and Error," §§ 39-41, and the same sections in the Supplement to Vol. 1.

The record shows technical error which in view of the whole case did not have material bearing on the question of defendant's negligence. We conclude there was, in law,

No error.