MRS. ROSA McPHERSON, PLAINTIFF v. DANIEL SLATER HAIRE, TRADING AND DOING BUSINESS AS DANIO'S DAIRY-O, AND NORMAN FLETCHER GUYTON (ORIGINAL) DEFENDANTS, AND MARVIN L. KINLAW, ADDITIONAL DEFENDANT.

(Filed 20 May, 1964.)

**1. Appeal and Error § 41—**

> Even if it be conceded that plaintiff's evidence is insufficient to establish a permanent injury, the admission of the mortuary tables in evidence will

not be held ground for a new trial when there is nothing in the record or verdict to indicate prejudice to defendant resulting therefrom.

**2. Trial § 34—**

A charge that if the jury should "believe" by the greater weight of the evidence that certain facts existed to answer the issue in the affirmative will not be held for prejudicial error since the jury must have understood and treated the word "believe" to be synonymous with "find."

**3. Appeal and Error § 42—**

Where the court correctly defines the substantive common and statutory law involved and correctly places the burden of proof, exception to the charge will not be sustained when the charge construed as a whole is without prejudicial error.

**4. Automobiles § 54f—**

Where, in an action by a passenger against the drivers involved in a collision, plaintiff makes out a *prima facie* case of negligence on the part of the driver of the car, proof or admissions that the additional defendant was the registered owner of the car establishes *prima facie* that the driver was such owner's agent and was acting in the course and scope of the employment, and entitles the defendants to have the owner of the car joined for contribution.

**5. Automobiles §§ 14, 41d—**

While the failure of the operator of a motor vehicle passing another vehicle in open country to give audible warning of the intent to pass is not negligence *per se*, if there is evidence tending to show circumstances which would support a finding that a reasonably prudent person under similar conditions would not have attempted to pass without sounding his horn and that defendant driver failed to do so, and that such failure was a proximate cause of the accident, the issue of negligence is for the determination of the jury.

APPEAL by defendants from *Braswell, J.,* January 1964 Session of COLUMBUS.

Plaintiff, passenger in a Plymouth operated by Fleetie Kinlaw, was injured when the car collided with an ice cream truck operated by defendant Guyton, agent for the owner, defendant Haire. The collision occurred about Noon, June 6, 1962, on Highway 701, when the truck turned into the left lane preparatory to entering a private drive. The truck was ahead of the car.

Plaintiff alleged: The operator of the truck turned to his left without signalling his intent to turn; when the truck turned the driver of the car was in the act of passing and in the left hand lane having previously given notice of her intent to pass by audible signal; defendant, by proper lookout, could and should have seen the car in the left hand lane attempting to pass the truck.

Defendants denied plaintiff's allegations of negligence. Additionally, they allege: The automobile was owned by Marvin L. Kinlaw. It was, when it collided with the truck, being operated for the owner by his agent. The operator of the automobile was negligent. She attempted to pass after being notified by signal given by the operator of the truck of his intent to make a left turn. When the collision occurred, the front end of the truck was on the east shoulder of the road. Mrs. Kinlaw's negligence, if not the sole proximate cause of the collision, was at least a contributing cause. If the jury should find that the defendants were negligent and liable to plaintiff, they were entitled to contribution.

The owner of the automobile was made an additional defendant. He answered those allegations relating to his liability for contribution. He admitted he owned the automobile, but denied the remaining allegations.

The court at the conclusion of the evidence allowed the motion of the additional defendant for nonsuit.

The jury found plaintiff was injured by the negligence of defendants and assessed damages. Judgment was entered against the original defendants, in conformity with the verdict. Defendants appealed.

*Edward L. Williamson and Benton H. Walton, III for original defendant appellants.*

*D. Jack Hooks for Marvin L. Kinlaw, additional defendant appellee.*

*Powell, Lee and Lee for plaintiff appellee.*

RODMAN, J. Defendants do not contend the evidence is insufficient to support the verdict and the judgment awarding plaintiff damages. Their assignments of error, with respect to plaintiff's cause of action, are directed to the admission of the mortuary tables in evidence and to the charge.

Plaintiff's foot was broken; her head was injured when thrown against the sun visor; she had "bruises on other parts of my body." Her foot was in a cast for a month. After the cast was removed she wore a rubber stocking to prevent the leg from swelling, "but it did not, and even today (January 1964) my leg swells at times, especially when I am up on it much * * * I still have pain in my head and the place where it was hit feels numb. The pain starts in the place where I was hit and runs into the back of my head."

The physician who treated plaintiff expressed the opinion that pain in the plaintiff's head could be relieved by blocking the nerve, a relatively simple procedure requiring the injection of alcohol in the nerve

by means of a needle. This would afford relief for about eight months, then the process would have to be repeated, or the nerve taken out by the roots.

Plaintiff put in evidence over defendants objection the mortuary tables. This is assigned as error. If it be conceded that the evidence is insufficient to establish a permanent · injury, and plaintiff's life expectancy of no moment, it does not follow that defendants are entitled to a new trial. "The admission of evidence which is immaterial or not prejudicial does not entitle appellant to a new trial." 1 Strong's N.C. Index, p. 119, and cases cited in note 409. We find nothing in the record or in the verdict to indicate prejudice to the defendants resulting from the evidence objected to.

Plaintiff gives this description of the events leading to the collision: "We were traveling south and I saw this truck about 25 yards ahead parked * * * on the right-hand shoulder of the road going south. This truck pulled onto the highway in front of us and my daughter slowed down and followed it. After my daughter followed him for about 40 or 50 yards, at a distance of at least two car-lengths, she started to pass him. She got up within a car-length of him and blew the horn and then got into the left hand lane to go around him, when he cut right short ahead of us, and she hit him * * * I had watched the truck and he gave no indication that he was going to turn. At the time that he turned, we were in the passing lane and at that moment he had not given any signal of his intention to turn to the left * * * The front end of our car hit the left-hand rear fender of the truck."

Guyton, operator of the truck, testified he was "a door to door peddler of ice cream," implying slow speed because of frequent stops. He was parked on the right shoulder when he saw the Plymouth coming from the north. It was then half a mile away. This distance enabled him to enter the southbound lane in safety. He intended to turn into a road on the east and 250-300 yards south of the point where he entered the highway. When he was 50 yards north of the point where he intended to turn, the Plymouth was 25-50 yards behind him. When 20 yards north of the intersection, he pulled into the left lane preparatory to making his intended turn at the intersection.

Defendants' assignments of error, as they relate to the charge, do not comply with our rules. *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271; *Hunt v. Davis,* 248 N.C. 69, 102 S.E. 2d 405; nonetheless, we have examined the charge. The court defined the terms "negligence," "proximate cause," and "burden of proof." He told the jury the burden was on plaintiff to establish actionable negligence of defendants and the amount of damages to which she would be entitled. In one instance

he said, "if you believe by the greater weight of evidence," the jury should answer "yes," Certainly the jury could not have misunderstood and treated the word "believe" as other than "find."

The conflicts and divergent inferences which the jury might draw from the testimony called for an explanation of the various statutes enacted to promote safety on the highways. The court called attention to G.S. 20-146, 149, 150, 153 and 154. He explained the effect of a violation of these statutory provisions. Read as a whole, as a charge should be, *Flintall v. Insurance Co.,* 259 N.C. 666, 131 S.E. 2d 312, we find nothing in the charge which, in our opinion, can be regarded as prejudicial to defendants.

Did defendants offer any evidence to support their claim for contribution? The admission that additional defendant was the registered owner of the Plymouth established *prima facie* the fact that the driver was owner's agent, acting in the course and scope of her employment, G.S. 20-71.1(b). If defendants (plaintiffs as to the additional defendant) have also made a *prima facie* showing of negligent operation of the Plymouth proximately causing the collision and resulting damage to the plaintiff, the court erred in nonsuiting their claim for contribution.

G.S. 20-149(b) directs the operator of a motor vehicle intending to pass another vehicle traveling in the same direction to give audible warning of the intent to pass unless the vehicles are in a business or residential district. The collision, causing plaintiff's injuries, occurred in the open country. Did the driver of the Plymouth give notice of her intention to pass the truck? The evidence is conflicting. Defendants' evidence would support a negative answer, plaintiff's an affirmative answer. Whether the warning was or was not given was a question for the jury. A failure to give the statutory warning would not be negligence *per se;* but would, when coupled with the other testimony of the witnesses, suffice to support a finding that a reasonably prudent person under similar circumstances would not have attempted to pass without sounding the horn. If the jury should so find; and further find that such negligence was one of the proximate causes of the collision, it would follow as a matter of law that the drivers of the vehicles were joint tort-feasors. If it should further find on the *prima facie* evidence of ownership that the driver of the Plymouth was the agent for the owner, acting in the scope of her employment, the additional defendant would be liable for contribution. The Court could not resolve the factual controversy.

In the judgment for plaintiff:   No error.

The judgment of nonsuit is:   Reversed.