## OLLICE JOE GREGORY v. GRADY BATTLE LYNCH.

(Filed 24 July, 1967.)

**1. Appeal and Error § 24—**

Separate exceptions to the charge for failure of the court to charge the law in respect to distinct and separate legal principles arising on the evidence are improperly grouped under a single assignment of error.

**2. Automobiles § 90—**

The instruction in this case upon the duty of a motorist to maintain a proper lookout, the doctrine of sudden emergency, and the respective duties of motorists proceeding in opposite directions in passing each other, *held* free from prejudice to appellant.

**3. Negligence § 28—**

Where proper instructions on proximate cause are given, the court is under no duty to instruct the jury specifically with respect to insulating negligence in the absence of proper request.

**4. Automobiles § 90—    Charge of court on insulating negligence held not prejudicial to defendant in this case.**

Defendant contended that he drove to the left of the highway and struck plaintiff's stationary vehicle because of an emergency created when a third vehicle, which had been traveling in front of plaintiff, turned left across defendant's lane of travel. The court instructed the jury in regard to the duty of motorists traveling in opposite directions to remain on the right side of the highway, gave correct instructions upon the doctrine of sudden emergency, recited defendant's contention that defendant was faced with an emergency and that the accident was unavoidable as far as the defendant was concerned, and then charged the jury that if the jury should find from the evidence that the injuries resulted from an unavoidable accident as far as defendant was concerned, to answer the issue of negligence in the negative, *held* not prejudicial to defendant.

**5. Appeal and Error § 46—**

The presumption is in favor of the correctness of the judgment of the lower court, with the burden upon appellant not only to show error but to show that the alleged error was prejudicial.

**6. Appeal and Error § 50—**

A charge will be construed as a composite whole, and an exception thereto will not be sustained if the charge, so construed, is not prejudicial to appellant.

APPEAL by defendant from *Hobgood, J.,* 31 October 1966 Civil Session of CHATHAM.

This is a civil action to recover for personal injury and property damage sustained by plaintiff in an automobile accident which occurred about 9:30 p.m. on 7 September 1963. Plaintiff was driving his 1956 Oldsmobile south on U. S. Highway No. 501. Defendant was driving north on the same highway in his 1963 Ford. The collision occurred at the place where a rural paved road known as "Bynum Road" enters Highway No. 501 from the east. Visibility is unobstructed for at least 600 feet to the north and south from this intersection. The highway is about 23 feet wide.

Plaintiff alleged that defendant was negligent in driving at a high and unlawful rate of speed, failing to keep a proper lookout, and driving on the wrong side of the road and running into his automobile which was over on the right-hand side of the road within a few inches of the edge of the hard surface. Plaintiff also alleged in substance that defendant turned his automobile to the left and came over on the plaintiff's right-hand side of the road and struck his automobile with great force, rendering it a total loss, and that plaintiff received personal injuries in the collision. Defendant denied negligence, and for a further answer and defense pleaded that a third automobile hereinafter referred to as the Chevrolet, whose operator has not been positively identified and is not a party to this action, turned across the highway in front of him without warning; that being confronted with a sudden emergency he applied his brakes and steered and skidded to the left, barely missed colliding with the Chevrolet, and then ran into the plaintiff's automobile. Defendant alleges that the negligence of the operator of the Chevrolet was the sole proximate cause of the collision, and that his own negligence, if any, was insulated by the negligence of the operator of the Chevrolet.

The parties are in substantial agreement as to the following facts: About 300 feet north of the point of impact, the Chevrolet entered the highway in front of plaintiff, causing plaintiff to reduce speed, and proceeded south on the highway to the point where Bynum Road enters it from the east. The Chevrolet stopped at this

point and plaintiff stopped behind him, both automobiles being on the right side of the highway in the southbound lane. The left turn signal light was flashing on the Chevrolet. The defendant was approaching from the south and was observed by plaintiff at a distance of 500 feet or more at the time plaintiff's automobile stopped. Defendant observed the lights of both automobiles at a distance of 600 feet or more. He was on his right-hand side of the road. There was no traffic in the area other than these three automobiles. Before defendant reached the point where the Chevrolet and Oldsmobile were stopped, the operator of the Chevrolet turned to the left accelerating rapidly and proceeded down Bynum Road to the east. Plaintiff did not move. Defendant's Ford traveled across the center line leaving skid marks about 23 feet long, and struck plaintiff's automobile. The left front wheel of defendant's Ford was three feet and nine inches to its left of the center line where the Ford collided with the left front of plaintiff's Oldsmobile. On cross-examination defendant testified: "This [the site of the collision] is a congested area. * * * When I saw those two cars I could not tell whether they were going to stop or whether they were going to turn off or what they were going to do and I kept right on at 50 miles an hour. . . ."

Plaintiff's evidence is that the Chevrolet had crossed the northbound traffic lane of the highway and moved out of the way when defendant's Ford was 125 feet to the south; that defendant turned to the left, turned back to the right, and again turned to the left after which defendant's Ford struck his Oldsmobile. Defendant's evidence is that he was only 50 feet away when the Chevrolet turned across his path, that he applied his brakes and skidded to his left, that he missed striking the Chevrolet by a few inches, and that his automobile then collided with plaintiff's.

The jury by its verdict found that the plaintiff was injured by the negligence of the defendant as alleged in the complaint, and awarded him $3,000 for personal injury and $600 for property damage. From a judgment in accord with the verdict, defendant appeals.

*Barber & Holmes by Edward S. Holmes for defendant appellant.*
*Seawell & Seawell & Van Camp by H. F. Seawell, Jr., for plaintiff appellee.*

PARKER, C.J. Defendant in his brief asserts that two questions are involved: "I. Did the Court err in failing to comply with G.S. 1-180? II. Did the Court express an opinion prejudicial to the defendant?"

Appellant states in his brief that he abandons his assignments of

error Nos. 1 and 2 for failure to grant his motion for judgment of compulsory nonsuit.

Defendant did not except to the court's review of the evidence nor to its instruction on damages. Excluding these two parts of the charge, the defendant bracketed more than 50% of the remainder, took nine exceptions to the bracketed portions, and grouped them into one assignment of error relating to the following questions: (1) Failure to properly define the law relating to lookout; (2) improper instruction on sudden emergency; (3) failure to instruct on respective duties of motorists proceeding in opposite directions; (4) failure to define the law of unavoidable accident; (5) failure to instruct on insulating negligence; (6) failure to apply each of these principles of law to defendant's evidence; (7) failure to give defendant's contention as to negligence of the third party; and (8) failure to give defendant's contention on maintaining a proper lookout.

"While more than one exception may be grouped under one assignment of error if all the exceptions relate to a single question of law, an assignment of error should present but a single question of law for review. Where one assignment of error is based on separate exceptions and attempts to present several separate questions of law, it is ineffectual as a broadside assignment." 1 Strong's N. C. Index 2d, Appeal and Error, § 24, p. 148; *S. v. Hamilton,* 264 N.C. 277, 141 S.E. 2d 506; *Horton v. Redevelopment Commission,* 262 N.C. 306, 137 S.E. 2d 115; *Hines v. Frink,* 257 N.C. 723, 127 S.E. 2d 509.

The court instructed on the duty of the motorist to maintain a proper lookout in substantial accord with the applicable principles of law. *Black v. Milling Co.,* 257 N.C. 730, 127 S.E. 2d 515; *Rhyne v. Bailey,* 254 N.C. 467, 119 S.E. 2d 385. The instruction on the doctrine of sudden emergency was in accordance with prior decisions of this court. *Rodgers v. Carter,* 266 N.C. 564, 146 S.E. 2d 806; *Lawing v. Landis,* 256 N.C. 677, 124 S.E. 2d 877.

The charge on respective duties of motorists proceeding in opposite directions is an accurate statement of the law. *Anderson v. Webb,* 267 N.C. 745, 148 S.E. 2d 846; *Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1. It is noted that the plaintiff did not specifically plead a violation of the statute in this respect and that the court did not give an instruction regarding the effect of a violation of the statute to which plaintiff would have been entitled. This could not have prejudiced the defendant.

"An unavoidable or inevitable accident is such an occurrence or happening as, under all attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned. In other words, where there is no evidence that the op-

erator of the motor vehicle was negligent in any way, or that he could have anticipated the resulting accident, the accident is deemed to have been an unavoidable or inevitable one for which no recovery may be had." 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 350. A collision is not unavoidable so as to relieve a motorist of liability if he was guilty of negligence proximately contributing to the collision. 60 C.J.S., Motor Vehicles, § 256. The charge of the court was free of error on this point.

"Where proper instructions on proximate cause are given, the court is under no duty to instruct the jury specifically with respect to insulating negligence in the absence of proper request. . . ." *Childers v. Seay*, 270 N.C. 721, 155 S.E. 2d 259.

Defendant excepted to the following portion of the charge: "Now, in addition to this law the plaintiff also contends that the defendant was driving on his left-hand side of the road at the time that this collision occurred between the plaintiff's car and the defendant's car, and the court instructs you that under the law of the State of North Carolina, it is negligence for the defendant to drive on the left-hand side of the highway at the place and time of this collision." If this had been all that the court said on the subject, defendant may have had cause for complaint. The court immediately afterwards gave instructions on the respective duties of motorists proceeding in opposite directions and concluded with the following statement: "Now, if you find that the defendant drove his car on his left-hand side of the highway on said occasion in an unlawful manner, then that would be negligence, and if you find such negligence was a proximate cause of the injuries and damages suffered by the plaintiff, then you would answer the issue of negligence in favor of the plaintiff, that is 'Yes.' Now, on the other side of the case the defendant contends that he drove on the left-hand side of the highway at the time of the collision because he was faced with a sudden emergency and that an unavoidable accident took place, and that the proximate cause of the accident was a third car, the Chevrolet car, and not him, and therefore you should answer that first issue 'No,' as far as his negligence is concerned. So at this time, the court will instruct you as to the law in reference to that." Following the definition of the doctrine of sudden emergency the court gave the following instruction: "Now, in addition to this question of sudden emergency, the defendant contends that being faced with a sudden emergency that this, as far as the plaintiff and the defendant was concerned, was an unavoidable accident. Now the court instructs you that an unavoidable accident is one which occurs despite the exercise of reasonable care upon the part of all concerned, that is the plaintiff and the defendant in this case and specifically the defend-

ant, to avoid it. Therefore, if you find from the evidence that the plaintiff received the alleged injuries, if any, by reason of an unavoidable accident as far as the defendant is concerned, brought about as the direct and proximate result of unavoidable circumstances, as far as the defendant is concerned, then you will find for the defendant on the issue of negligence, that is you would answer the first issue 'No.' " It does not appear that the jury could have been misled by the excepted portion of the charge in view of repeated instructions correctly defining negligence and properly placing the burden of proof, and the clear statement of the law which followed it.

A careful reading of the charge fails to disclose that in it the court expressed an opinion prejudicial to defendant. That assignment of error is overruled.

"A presumption exists that the judgment is correct. Error warranting a reversal or a new trial must amount to the denial of some substantial right." *Key v. Woodlief,* 258 N.C. 291, 128 S.E. 2d 567. "The burden is on the appellant not only to show error but to show that if the error had not occurred there is a reasonable probability that the result of the trial would have been favorable to him." *Mayberry v. Coach Lines,* 260 N.C. 126, 131 S.E. 2d 671. A charge to a jury must be read and considered in its entirety, *McPherson v. Haire,* 262 N.C. 71, 136 S.E. 2d 224; *Kennedy v. James,* 252 N.C. 434, 113 S.E. 2d 889, and not in detached fragments. The pleadings, issues, contentions and evidence in this case were comparatively brief and simple. Consequently the charge to the jury was brief, simple and so clear as to be difficult to misunderstand. In the final analysis, the jury had only one question to answer: *i.e.,* whether defendant, in the exercise of reasonable care, could have avoided the collision. It answered this question in the affirmative and ended the case. As stated in *Kennedy v. James, supra,* "When the charge here is read as a composite whole, prejudicial error as to the defendant sufficient to warrant a new trial is not shown."

We have carefully examined each exception and each assignment of error. We find nothing which in our opinion would justify another trial.

No error.