## M. PARKS BLAIR v. ARTHUR ELLWOOD HONEYCUTT AND H & M TIRE AND FURNITURE COMPANY

### No. 7320DC436

#### (Filed 27 June 1973)

**Automobiles § 90— automobile collision case — sufficiency of instructions**

In an action for damages arising from an automobile collision the trial court's instructions as to negligence, the duty to exercise due care, contributory negligence, and the proper manner in which to proceed in the event the jury returned an answer of either yes or no to the issue of plaintiff's contributory negligence were proper.

APPEAL by plaintiff from *Crutchfield, Judge,* 13 November 1972 Session of District Court, UNION County.

This action for damages arose out of an automobile collision between plaintiff's Lincoln automobile and the corporate defendant's Ford pickup truck driven by the defendant Honeycutt. Plaintiff alleged in the complaint that defendant Honeycutt negligently drove the pickup truck into the rear of plaintiff's automobile. The parties stipulated that Honeycutt was driving the pickup truck in the course of his employment by the defendant corporation. Defendants answered, denying any negligence, and alleged that, in any event, the plaintiff was contributorily negligent. Defendants also asserted a counterclaim for damages to the pickup truck arising out of the collision.

The uncontradicted evidence tended to show that at approximately 10:40 a.m. on 11 May 1970, plaintiff had stopped his automobile behind several other cars at the intersection of Walkup Avenue and U. S. Highway 74 in Monroe, North Carolina. Highway 74 runs in an east and west direction and Walkup Avenue runs north and south. Plaintiff was headed in a southerly direction, and defendant corporation's pickup truck, driven by defendant Honeycutt, was stopped immediately behind the plaintiff's automobile. When the light controlling the intersection turned green, the cars preceding plaintiff proceeded through the intersection.

Plaintiff's evidence tended to show that he proceeded through the intersection slowly, signaling with his car blinker lights that he intended to turn left onto Highway 74, bearing in an easterly direction. Walkup Avenue slopes upward toward Highway 74 on both the northerly and southerly sides of the

highway. Prior to turning left, plaintiff stopped to allow a car headed north on Walkup Avenue to pass through the intersection, when defendant Honeycutt drove the pickup truck into the rear end of plaintiff's automobile, causing property damage and personal injuries to plaintiff.

Defendants' evidence tended to show that Honeycutt proceeded into the intersection approximately one car length behind plaintiff's car, and that, without giving any warning signal or turn signal, plaintiff suddenly stopped his automobile so that Honeycutt was unable to avoid hitting the rear of the plaintiff's car.

Issues as to the negligence of the defendants, the contributory negligence of the plaintiff, the negligence of the plaintiff (arising on the defendants' counterclaim), and the damages suffered by the plaintiff and the defendants were submitted to the jury. The jury answered the issue of defendants' negligence in favor of the plaintiff, and the issue of contributory negligence in favor of the defendant.

From a judgment on the verdict that plaintiff have and recover nothing of the defendants, the plaintiff appealed, assigning error.

*Griffin and Humphries, by James E. Griffin and Charles D. Humphries, for plaintiff appellant.*

*C. Frank Griffin and Kenneth W. Parsons for defendant appellees.*

MORRIS, Judge.

Plaintiff's assignments of error are to the charge of the court to the jury. Plaintiff contends that the court erred in defining negligence, the duty to exercise due care, contributory negligence, and in explaining to the jury the proper manner in which to proceed in the event the jury returned either an answer of "Yes" or of "No" to the issue relating to plaintiff's contributory negligence. The charge must be read and considered in its entirety, and not in detached fragments, and if, when read as a composite whole, error prejudicial to the appealing party is not shown, a new trial will not be granted. *Gregory v. Lynch,* 271 N.C. 198, 155 S.E. 2d 488 (1967).

We have examined each challenged portion of the charge to the jury in this case, and are of the opinion that, when the

charge is read contextually as a whole, prejudicial error suffi-
cient to warrant a new trial is not shown.

Affirmed.

Judges BRITT and PARKER concur.