NATIONWIDE MUTUAL INSURANCE COMPANY v. WEEKS-ALLEN MOTOR COMPANY, INC., FORD MOTOR COMPANY AND THE BENDIX CORPORATION

No. 7314SC282

(Filed 25 July 1973)

1. **Indemnity § 3; Limitation of Actions § 4— action for contribution or indemnity — statute of limitations**

    Where plaintiff liability insurer settled before trial all claims against the insured for injuries arising out of a 1969 automobile accident, plaintiff's 1971 action for contribution or indemnity against the manufacturer, distributor and retailer of an allegedly defective master brake cylinder sold to the insured in 1964 was not barred by the three-year statute of limitations since plaintiff's claim for contribution or indemnity did not arise until the injured parties brought claims against the insured.

2. **Sales § 22— latent defect in automobile part — accident — liability of retailer**

    The retailer of a master brake cylinder is not liable for injuries sustained in an automobile accident allegedly caused by a defect in the cylinder where the defect did not manifest itself until the automobile had been driven over 20,000 miles after the cylinder was installed and the defect was not discernible by reasonable inspection at the time of sale.

Insurance Co. v. Motor Co.

**3. Torts § 4— contribution from joint tort-feasor — joint liability**

No right to contribution exists where the person seeking contribution takes the position that he is free of negligence or where the party from whom contribution is sought is not shown to be a tort-feasor and jointly liable.

**4. Indemnity § 3— primary-secondary liability — failure to allege passive negligence**

Where plaintiff liability insurer settled all claims against the insured for injuries arising out of an automobile accident, plaintiff insurer is not entitled to indemnity on the basis of primary-secondary liability from the manufacturer, distributor and retailer of a defective master brake cylinder on insured's car which allegedly caused the accident where plaintiff alleged that the insured was passively negligent in driving his automobile when there existed in the brake cylinder a latent defect not discoverable by him, since such conduct on the part of the insured would not constitute negligence at all.

**5. Insurance § 112; Subrogation— automobile liability insurance — settlement by insurer — no subrogation**

Plaintiff automobile liability insurer was not subrogated to the rights of its insured where the liability policy required it to pay all sums which its insured should become legally obligated to pay as damages and plaintiff settled all claims against the insured without an adjudication of liability.

APPEAL by plaintiff from *Bailey, Judge,* 6 November 1972, Session Superior Court, DURHAM County.

On 16 August 1969, plaintiff's insured, Bruce Bryant Goodwin, was involved in a collision resulting in the death of three persons, with two persons sustaining personal injuries. As the result of the deaths and injuries, suits were brought against plaintiff's insured in the District Court and Superior Court, Durham County. All of the claimants were occupants of a car operated by one of the deceased which was struck by the car operated by plaintiff's insured. Each complaint alleged negligence on the part of plaintiff's insured, including an allegation that his car at the time of the collision was equipped with improper brakes.

Plaintiff settled all the claims prior to trial at a figure which was within its policy limits, and obtained a release from the administratrix of the estate of one decedent. Judgments were entered as to all other claims.

On 6 April 1971 this action was instituted. Plaintiff alleges that its insured was not negligent in any respect, but the defendants were negligent in the manufacture and sale of a defective

master brake cylinder for installation on the automobile of plaintiff's insured and that defendants are joint tort-feasors with the plaintiff's insured in causing the injuries and deaths of the claimants. Plaintiff seeks to recover on theories of negligence and breach of warranty and seeks to recover contribution of the defendants and, in the alternative, indemnity from the defendants. The cylinder was sold to plaintiff's insured in 1964 for installation on his automobile.

Each defendant filed answer denying the material allegations of the complaint. Each defendant also moved to dismiss for failure to state a claim upon which relief can be granted and, among other defenses, pled the statute of limitations. Discovery proceedings, by way of interrogatories and requests for admissions were begun. Before the discovery proceedings were completed, each defendant moved for summary judgment upon the grounds that there was no genuine issue as to any material fact and that movant was entitled, as a matter of law, to a dismissal of the action as to it. Each motion was allowed, and plaintiff appealed.

*Bryant, Lipton, Bryant and Battle, by Victor S. Bryant, Jr., for plaintiff appellant.*

*Young, Moore and Henderson, by Joseph W. Yates, III, for Ford Motor Company, defendant appellee.*

*Teague, Johnson, Patterson, Dilthey and Clay, by Robert M. Clay, for the Bendix Corporation, defendant appellee.*

*Spears, Spears, Barnes, Baker, Boles and Pinna, by Alexander H. Barnes, for Weeks-Allen Motor Company, Inc., defendant appellee.*

MORRIS, Judge.

[1] In the judgments entered by Judge Bailey, he concluded as a matter of law that plaintiff's claim against each defendant was barred by the statute of limitations. Through answers to interrogatories and answers to requests for admission, it was established without dispute that the master brake cylinder alleged to be defective was purchased by plaintiff's insured from Weeks-Allen Motor Company and installed by plaintiff's insured on his automobile in 1964. The court noted in the judgments that G.S. 1-15(b) was ratified on 21 July 1971 and did not affect pending litigation. Had that statute affected pending litigation,

this action would not have been barred by the statute of limitations. However, G.S. 1-15(b) notwithstanding, the action was not barred. This Court, in *Hager v. Equipment Co.*, 17 N.C. App. 489, 195 S.E. 2d 54 (1973), held that the trial court erred in dismissing a third-party action for indemnity against the seller of an allegedly defective elevator sold more than three years earlier on the ground that the statute of limitations barred the indemnity action. We held that the claim for indemnity did not arise until the injured party had brought an action against the one seeking indemnity, and that the claim for indemnity was separate and distinct from any possible claim that may have arisen at the time the elevator was purchased. All defendants concede that, although the opinion was not available to the court at the time the judgment was entered, it is controlling here, and the action is not barred by the statute of limitations.

In the judgment filed as to Weeks-Allen Motor Company, the court made 23 findings of fact. Plaintiff excepted to 10 of them. In the judgment filed as to Ford and Bendix, the court made 15 findings of fact, and plaintiff excepted to three of them. As we have pointed out on previous occasions, finding the facts in a judgment entered on a motion for summary judgment presupposes that the facts are in dispute. " . . . [T]he Supreme Court and this Court have emphasized in numerous opinions that upon a motion for summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried." *Stonestreet v. Compton Motors, Inc., et als.*, 18 N.C. App. 527, (Filed 27 June 1973). If findings of fact had been necessary, and if plaintiff had been required to except thereto in order to assign them as error on appeal, in this case all findings are supported by the uncontradicted evidence. On the undisputed facts, the court concluded, as to Weeks-Allen, that the defendant was not under a duty to test and examine the die-casting of the high pressure section of the master brake cylinder for latent defects before its sale to plaintiff's insured, and its failure to do so did not constitute negligence; that plaintiff's insured was not negligent in the operation of his automobile; that plaintiff is not subrogated to the rights of its insured; and that Weeks-Allen is entitled to summary judgment in its favor as a matter of law. On the undisputed facts, the court concluded as a matter of law, as to Ford and Bendix, that under the pleadings and facts plaintiff's insured was not negligent, was not a tortfeasor, and plaintiff is not entitled to recover either indemnity,

Insurance Co. v. Motor Co.

contribution or for breach of warranty of Bendix and Ford; that plaintiff is not subrogated to the rights of its insured; there is no genuine dispute as to any material fact necessary to decision in this case and Bendix and Ford are entitled to summary judgment in their favor as a matter of law.

[2] With respect to Weeks-Allen, the undisputed facts are these: Plaintiff's insured purchased the master brake cylinder from Weeks-Allen in 1964 and himself installed it in his automobile. Plaintiff's insured was himself an automobile mechanic. He detected no defect in the cylinder and no defect manifested itself until the car had been driven over 20,000 miles. The defect consisted of a flaw in the high pressure section of the brake cylinder. Plaintiff concedes the defect was a latent one and further concedes that it was of such nature that plaintiff's insured could not reasonably be expected to discover it. Plaintiff's insured was an automobile mechanic by trade. He disassembled the cylinder at the time he purchased it and installed it by assembling all the component parts. He tested it by driving the car for over 20,000 miles after installation. Any liability of Weeks-Allen could only be predicated upon the existence of a defect of which it was aware or by reasonable diligence could have discovered at the time of sale. It would not, however, be responsible for a defect subsequently discovered which was not discernible by reasonable inspection at the time of sale. *Hudson v. Drive It Yourself, Inc.*, 236 N.C. 503, 73 S.E. 2d 4 (1952). The court properly concluded that defendant Weeks-Allen had no duty to test and examine the die-casting of the high pressure section of the master brake cylinder for latent defects prior to its sale to plaintiff's insured.

As to Bendix and Ford, Bendix manufactured the cylinder; sold it to Ford, a distributor; and Ford sold it to Weeks-Allen, a retailer.

[3] Plaintiff alleged in its complaint and has contended all along that its insured was not negligent. It has alleged that the rupture of the brake cylinder was "the sole, direct and proximate cause of the collision." Obviously the court's conclusion that plaintiff's insured was not negligent was entirely proper. Right to contribution under G.S. 1B-1 exists only "where two or more persons become jointly or severally liable in tort." G.S. 1B-1(a). Where the person seeking contribution takes the position that he is free of negligence, he is not entitled to contribution. Additionally where the party from whom contri-

bution is sought is not a tort-feasor and not jointly liable, there is no right to contribution. Plaintiff here, in order to show a right to contribution, must allege facts tending to show liability of its insured and Weeks-Allen as joint tort-feasors predicated upon negligence of *each* concurring in proximately producing the injuries. *Clemmons v. King,* 265 N.C. 199, 143 S.E. 2d 83 (1965) ; *Potter v. Frosty Morn Meats, Inc.,* 242 N.C. 67, 86 S.E. 2d 780 (1955). This plaintiff has not done.

[4]  Plaintiff, by its second cause of action, seeks indemnity upon the basis of primary-secondary liability, alleging that Weeks-Allen was negligent in failing to make such tests as would discover the defect, that Ford was also negligent as a distributor in failing to make such tests as would discover the defect, and that Bendix negligently manufactured the cylinder. Plaintiff alleges that it is entitled to indemnification upon the basis of primary-secondary liability in that the negligence of defendants in manufacturing a defect in a critical part of the safety system of plaintiff's insured's automobile and in distributing and selling this part to plaintiff's insured without performing tests required of them was active negligence and the use of the cylinder by plaintiff's insured with a latent defect not discoverable by him was passive negligence; that the negligence of defendants was primary and the negligence, if any, of plaintiff's insured was secondary entitling plaintiff to indemnity for the amount of its loss.

Justice Sharp, in *Edwards v. Hamill,* 262 N.C. 528, 531, 138 S.E. 2d 151 (1964), set out the test for determining indemnity based on primary-secondary liability as follows:

"Primary and secondary liability between defendants exists only when: (1) they are jointly and severally liable to the plaintiff, (citations omitted) ; and (2) either (a) one has been passively negligent but is exposed to liability through the active negligence of the other or (b) one alone has done the act which produced the injury but the other is derivatively liable for the negligence of the former. (Citations omitted.)

The doctrine of primary-secondary liability cannot arise where an original defendant alleges that the one whom he would implead as a third-party defendant is solely liable to plaintiff. (Citations omitted.) "

Here plaintiff's allegations do not allow for joint liability between plaintiff's insured and defendants. Although plaintiff alleges its insured was passively negligent, the allegation that he drove the car when there existed in the brake cylinder a latent defect not discoverable by him is not an allegation of negligence at all. *Stephens v. Oil Co.*, 259 N.C. 456, 131 S.E. 2d 39 (1963). Plaintiff alleges the collision was caused solely by the negligence of defendants. In this case, the only way plaintiff's insured could be held liable would be for a jury to find that he was either negligent in driving or drove the car knowing it had defective brakes or in a situation in which he should have known the brakes were defective. Any one of the possibilities would be active negligence. Plaintiff disclaims each possibility. We see no possible way for plaintiff to meet the tests set out in *Edwards, supra.* See also *Anderson v. Robinson,* 275 N.C. 132, 165 S.E. 2d 502 (1969).

[5] Plaintiff admitted that its policy of insurance required it to pay on behalf of its insured all sums which its insured should become *legally obligated to pay* as damages. Plaintiff further admits that it settled with all the claimants without an adjudication of liability because it was able to settle all claims within the limits of its policy. Plaintiff by paying the funds in settlement of claims for damages did so voluntarily. Even though suits had been filed, plaintiff's liability under its policy had not arisen. Therefore, because plaintiff was a volunteer in paying the claims, it did not succeed to the rights of its insured. *Insurance Co. v. Hylton,* 7 N.C. App. 244, 172 S.E. 2d 226 (1970), cert. denied, 276 N.C. 497 (1970); 50 Am. Jur., Subrogation, § 38, p. 707.

The court properly concluded that plaintiff, as to each defendant, was not subrogated to the rights of its insured and is not entitled to indemnity.

We conclude that the trial court properly entered summary judgment in favor of each defendant.

Affirmed.

Judges BROCK and PARKER concur.