ESTELLE ROUSE, PLAINTIFF v. CHARLES L. MAXWELL, TRADING AS MAXWELL SUPPLY COMPANY, AND LARRY FUTRELL, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. ANDREW M. SIMPSON, THIRD-PARTY DEFENDANT

No. 785SC898

(Filed 3 April 1979)

1. **Automobiles § 90.16— violation of statute as negligence per se—sudden emergency—instructions proper**

   In an action to recover for injuries sustained by plaintiff when her car was struck by a truck driven by one defendant and owned by the other defendant, there was no merit to defendants' contention that the trial court erred in instructing the jury that violation of a safety statute was negligence *per se* without immediately instructing on the sudden emergency doctrine.

2. **Automobiles § 87.3; Rules of Civil Procedure § 14— third-party practice—prior determination of liability unnecessary**

   In an action to recover for injuries sustained in an automobile accident where defendants claimed that the negligence of the third-party defendant was a concurring proximate cause of the accident and plaintiff's injuries, the trial court did not err in failing to direct a verdict for the third-party defendant, since defendants could implead parties who might be liable to them, and it was not necessary that the third-party defendant's liability be previously determined.

Rouse v. Maxwell

3. **Automobiles § 45.4— circumstances at accident scene—testimony repetitive**

   The trial court in a personal injury action did not err in permitting an officer to testify concerning the circumstances of the accident based on his observations at the scene since defendants had given similar testimony without objection.

4. **Automobiles § 90.2— keeping vehicle under proper control—instructions supported by evidence**

   Evidence in a personal injury action was sufficient to support the trial court's instruction with regard to the third-party defendant's negligence in failing to keep his vehicle under proper control.

APPEAL by defendants and third-party defendant from *Brown, Judge*. Judgment entered 25 April 1978 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 12 January 1979.

Plaintiff filed her complaint against defendants for damages sustained as a result of defendant Futrell's alleged negligent driving of a truck owned by defendant Maxwell. Defendants answered, denied negligence, and asserted a third-party claim for contribution against Andrew Simpson, alleging that Simpson's negligence caused the accident. Simpson denied any negligence in his answer.

At trial, plaintiff's evidence tended to show that on 3 June 1976, at 3:45 p.m., in a drizzling rain, her car was struck as it was traveling north on Highway 117 in Burgaw by defendants' southbound truck which had crossed the center line into plaintiff's lane of travel.

William Henry, the only eyewitness, testified that he was in the service station on the corner of Highway 117 and Fremont Street, north of Fremont Street and west of Highway 117, when he heard brakes squealing; he looked up and saw defendants' truck sliding backwards down the highway in the northbound lane until it collided with plaintiff's car; the truck went "zip" by the window and then "smack" when it hit plaintiff's car; prior to the impact, he saw the truck slide past a brown car sitting at the stop sign at the intersection of Fremont Street and Highway 117; the brown car was sitting past the stop sign but did not extend into Highway 117; he did not see the brown car move before the accident; and a written statement which he made after the accident was basically correct but incomplete.

Officer Littleton testified that when he arrived at the scene of the accident, he found defendants' truck in a ditch on the side of Highway 117 with its rear end up in the air; that skid marks indicated that the truck had crossed the center line 20 feet north of where the truck was sitting; that the skid marks indicated that the rear of the truck had swung to the right; that the speed limit in the area was 55 m.p.h.; and that immediately after the accident, defendant Futrell stated that he had turned to the left to avoid hitting a car which was pulling into Highway 117 from Fremont Street. Third-party defendant Simpson denied this statement.

The jury answered the issues submitted as follows:

"1. Was the plaintiff, Estelle Rouse, injured or damaged by the negligence of the defendant, Larry Futrell?

ANSWER: Yes.

2. What amount, if any, is the plaintiff, Estelle Rouse, entitled to recover for personal injuries?

ANSWER: $100,000.00.

3. What amount, if any, is plaintiff, Estelle Rouse, entitled to recover for damages to personal property?

ANSWER: $500.00.

4. Was the plaintiff, Estelle Rouse, injured or damaged by the negligence of the third party defendant, Andrew Simpson, as alleged by the defendant, Larry Futrell?

ANSWER: Yes."

Judgment was entered for plaintiff. Third-party defendant was ordered by the trial court to pay defendants one-half the award to plaintiff. Defendant and third-party defendant appealed.

*Smith & Kendrick, by W. G. Smith, for plaintiff appellee.*

*Crossley & Johnson, by Robert White Johnson, for defendant appellants and third-party plaintiffs.*

*Marshall, Williams, Gorham & Brawley, by William Robert Cherry, Jr. and Lonnie B. Williams, for third-party defendant appellant.*

ERWIN, Judge.

## Defendants' Appeal

Defendants present one question on appeal, which reads: "Did the Trial Court err in its instructions to the jury, on the issue of the defendants' negligence, with respect to driving on the right-hand side of the road and the alleged failure to yield right-of-way?" The trial court instructed the jury *inter alia* from the North Carolina Pattern Jury Instructions for Motor Vehicle Negligence on the following: (1) violation of a safety statute or motor vehicle traffic laws enacted for the public safety as being negligence *per se*, unless the statute provided to the contrary; (2) the duty of a driver of a motor vehicle to drive as nearly as practical entirely within a single lane whenever any street has been divided into two or more lanes; (3) the duty of a driver to avoid changing lanes until such movement can be made with safety; and (4) the sudden emergency doctrine.

[1] Defendants contend that the trial court's instructions to the jury that violation of a safety statute is negligence *per se*, without immediately instructing the jury on the sudden emergency doctrine, was prejudicial error. We do not agree.

The trial court's charge to the jury was approved by our Supreme Court in *Bullock v. Williams*, 212 N.C. 113, 193 S.E. 170 (1937), in practically the same form. A charge to a jury must be read and considered in its entirety and not in detached fragments. *Gregory v. Lynch*, 271 N.C. 198, 155 S.E. 2d 488 (1967); *McPherson v. Haire*, 262 N.C. 71, 136 S.E. 2d 224 (1964); *Kennedy v. James*, 252 N.C. 434, 113 S.E. 2d 889 (1960). "Error warranting a reversal or a new trial must amount to the denial of some substantial right." *Key v. Woodlief*, 258 N.C. 291, 295, 128 S.E. 2d 567, 570 (1962). "The burden is on the appellant not only to show error but to show that if the error had not occurred there is a reasonable probability that the result of the trial would have been favorable to him." *Mayberry v. Coach Lines*, 260 N.C. 126, 130, 131 S.E. 2d 671, 675 (1963).

We have considered contextually the entire charge of the trial court and have related the charge to the evidence and the permissible inferences arising therefrom. We conclude that the trial court instructed the jury properly on the law in this case

as it related to the evidence. The defendants' assignment of error is overruled.

## Third-Party Defendant's Appeal

[2]   Third-party defendant contends that the trial court erred in failing to direct a verdict for him pursuant to G.S. 1A-1, Rule 50(a), and for judgment notwithstanding the verdict pursuant to Rule 50(b), because liability for contribution cannot be invoked except among joint tort-feasors, and defendants denied negligence on their part and thus denied being a joint tort-feasor. We do not. find error.

Chief Justice Sharp spoke for our Supreme Court in *Heath v. Board of Commissioners*, 292 N.C. 369, 375-76, 233 S.E. 2d 889, 893 (1977), as follows:

"However, since the enactment of G.S. 1A-1, Rule 14 (1969), at any time after commencement of an action 'a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is *or may be* liable to him for all or part of the plaintiff's claim against him' (emphasis added). It is, therefore, no longer true that an indemnitee cannot sue the party ultimately liable to him until after the indemnitee has paid the claim.

\*   \*   \*

These salutary purposes should not be frustrated whenever the defendant indemnitee denies his liability and resists paying the plaintiff's claim. Yet this is precisely what would happen here were the courts to cling to the doctrine that no liability exists in the indemnitor to the indemnitee (and thus no cause of action arises) until the indemnitee had first satisfied the underlying obligation. Accordingly, in order to reconcile Rule 14 practice with the old substantive law of indemnification, the federal courts developed a doctrine of accelerated liability which allows third-party practice without the initial payment of the underlying liability. *Glenn Falls Indemnity Co. v. Atlantic Bldg. Co.*, 199 F. 2d 60, 63 (4th Cir. 1952); *Bosin v. Minneapolis, St. P. & S. Ste. M. R. Co.*, 183 F. Supp. 820, 823 (E. D. Wis. 1960). *See generally*, 3 Moore's Federal Practice, *supra*, ¶ 14.08."

Rouse v. Maxwell

Third-party defendant relies on *Insurance Co. v. Motor Co.*, 18 N.C. App. 689, 198 S.E. 2d 88 (1973). We stated in *Insurance Co. v. Motor Co.*, *Id.* at 693-94, 198 S.E. 2d at 91:

"[W]here the person seeking contribution takes the position that he is free of negligence, he is not entitled to contribution. Additionally where the party from whom contribution is sought is not a tort-feasor and not jointly liable, there is no right to contribution. Plaintiff here, in order to show a right to contribution, must allege facts tending to show liability of its insured and Weeks-Allen as joint tort-feasors predicated upon negligence of *each* concurring in proximately producing the injuries. *Clemmons v. King*, 265 N.C. 199, 143 S.E. 2d 83 (1965); *Potter v. Frosty Morn Meats, Inc.*, 242 N.C. 67, 86 S.E. 2d 780 (1955). *This plaintiff has not done.*" (Emphasis added.)

The facts, in the present case, are clearly distinguishable from those in *Insurance Co. v. Motor Co.*, *supra.* Here, defendants, in their third-party complaint, specifically alleged:

"If the defendant, Larry Futrell, was negligent in any respect alleged in the Complaint, which is denied, the negligence of Andrew M. Simpson in driving into the dominant highway from the servient highway in the face of oncoming traffic, and in the other respects hereinabove set out, were concurring proximate causes of the accident and any injuries or damages which the plaintiff sustained, and as such, the said Andrew M. Simpson was a joint tort-feasor."

G.S. 1A-1, Rule 14, allows a party to implead a party or parties that may be liable to him. It is not necessary that the third-party defendant's liability be previously determined.

We hold that the trial court's denial of third-party defendant's motion for a directed verdict was proper.

[3] Third-party defendant contends that the trial court erred in permitting Officer Littleton to testify as follows:

" 'Q. Now, in your investigation of this accident, and from the tire marks that you saw, could you tell where the rear of the van swung to the right or to the left?

Mr. Williams: Objection.

Court: Overruled. . . .' "

Defendant Futrell and third-party defendant Simpson gave similar testimony to that of Officer Littleton without objection. In view of such additional testimony, we do not find Officer Littleton's testimony prejudicial.

The trial court charged the jury in part:

"[E]vidence has been received tending to show that at an earlier time the witness, William Henry, made a statement which conflicts with his testimony at this trial. * * * You must not consider such earlier statement as evidence of the truth of what was said at that earlier time because it was not made under oath at this trial. If you believe that such earlier statement was made and that it does conflict with the testimony of the witness at this trial, then you may consider this together with all other facts and circumstances bearing upon the truthfulness of the witness in deciding whether you will believe or disbelieve his testimony at this trial.

*    *    *

Evidence has been received tending to show that at an earlier time the witness, Larry Futrell, made a statement consistent with his testimony at this trial. * * * You must not consider such earlier statement as the truth of what was said because it was not made under oath at this trial. If you believe that such earlier statement was made and that it is consistent with the testimony of the witness at this trial then you may consider this together with all other facts and circumstances bearing upon the witness' truthfulness in deciding whether you will believe or disbelieve his testimony at this trial."

We do not agree that these instructions express an opinion by the trial court. We find no error in the charge.

[4]  Finally, third-party defendant contends that the court erred in charging the jury with regard to his negligence in failing to keep his vehicle under proper control when there was no evidence to support the charge. Defendant Futrell testified: "I was traveling about 35 miles per hour when this car [third-party defendant] pulled out in front of me. . . ." Defendant Futrell also testified that he saw third-party defendant Simpson pull up to the stop

sign, and that Simpson paused a second and pulled into the side of the road. A logical inference arises that had third-party defendant had his car under control, he would not have pulled out in front of defendant Futrell. The court properly instructed the jury on this issue.

We hold that the trial judge sufficiently and correctly declared and explained the law arising on the evidence in the case *sub judice*. *See* G.S. 1A-1, Rule 51(a).

We find no error in third-party defendant's case.

In the trial below, we find no error as to the original defendants or the third-party defendant.

No error.

Judges MARTIN (Robert M.) and MITCHELL concur.