CLIFTON LENINS, Plaintiff v. K-MART CORPORATION and DANIEL
MEETZE, Defendants

ELSA COBBE LENINS, Plaintiff v. K-MART CORPORATION and DANIEL
MEETZE, Defendants

No. 8918SC1015

(Filed 5 June 1990)

1. **Trial § 10.1 (NCI3d) — court's comment during jury selection — no expression of opinion**

    The trial court did not express an opinion on the evidence when he stated during jury selection that the case involved an incident at the K-Mart during which plaintiff was stopped and asked whether she had engaged in shoplifting and that "she denies that she had engaged in shoplifting, and of course, for that reason she was stopped," where the court had asked whether any prospective jurors had ever been stopped for an alleged offense of shoplifting and was preparing the jurors for further questions concerning their ability to be objective in such a case. N.C.G.S. § 1A-1, Rule 51(a).

    **Am Jur 2d, Trial §§ 92, 95, 103, 105.**

2. **Trial § 10.1 (NCI3d) — judge's comments upon opening of court — no expression of opinion**

    The trial court's remarks upon the opening of court for the second and third days of the trial that the jury should "sit back, relax and stay tuned for the next portion of the trial" did not equate plaintiffs' cases to staged, fictional entertainment and did not constitute an expression of opinion on the evidence.

    **Am Jur 2d, Trial §§ 92, 95, 103, 105.**

3. **Malicious Prosecution § 11.2 (NCI3d) — prior criminal trial — testimony relevant to malicious prosecution**

    Testimony about a prior criminal trial in which plaintiff was found not guilty of concealing merchandise and shoplifting, including testimony that the judge's verdict of not guilty was rendered on a day subsequent to the day testimony was heard and that certain witnesses for the defense at the civil hearing

did not testify at that criminal trial, was relevant to prove the elements of malicious prosecution.

**Am Jur 2d, Malicious Prosecution §§ 149-151.**

4. **False Imprisonment § 2 (NCI3d); Malicious Prosecution § 14 (NCI3d) — shoplifting — probable cause for detainment — suspicional by rational and prudent man**

The trial court in an action for malicious prosecution and false imprisonment did not err in instructing the jury that a person may be detained if a rational and prudent man should "suspect" that a concealment or larceny of merchandise has taken place.

**Am Jur 2d, False Imprisonment §§ 91, 99, 132; Malicious Prosecution §§ 186, 194.**

5. **False Imprisonment § 2 (NCI3d); Malicious Prosecution § 14 (NCI3d) — lack of probable cause — acquittal not evidence**

The trial court in an action for malicious prosecution and false imprisonment did not err in instructing the jury that evidence of plaintiff's acquittal of concealment of merchandise and shoplifting could not be considered as evidence of lack of probable cause by defendant.

**Am Jur 2d, False Imprisonment §§ 91, 99, 132; Malicious Prosecution §§ 186, 194.**

6. **Malicious Prosecution § 14 (NCI3d) — instruction on legal malice — belief in success of action**

The trial court in a malicious prosecution action did not err in instructing the jury that legal malice "occurs when a person institutes a legal proceeding, although he does not believe there's any possibility for success of the action."

**Am Jur 2d, False Imprisonment §§ 91, 99, 132; Malicious Prosecution §§ 186, 194.**

7. **False Imprisonment § 2 (NCI3d) — detainment for concealing merchandise — civil liability — instructions**

The trial court's instructions, when considered contextually as a whole, sufficiently apprised the jury as to when a merchant or his agent or employee who detains or causes the arrest of any person for concealing merchandise will not be held civilly liable for false imprisonment.

LENINS v. K-MART CORP.

[98 N.C. App. 590 (1990)]

Am Jur 2d, False Imprisonment §§ 91, 99, 132; Malicious Prosecution §§ 186, 194.

8. **Rules of Civil Procedure § 32 (NCI3d) — admission of portions of depositions — no right to admission of entire depositions**
    N.C.G.S. § 1A-1, Rule 32(a)(5) did not give plaintiffs a right to have entire depositions admitted into evidence once portions of those depositions were admitted.

Am Jur 2d, Depositions and Discovery § 188.

9. **Trespass § 2 (NCI3d) — intentional infliction of emotional distress — insufficient evidence**
    Plaintiff's evidence that he was cursed, abused, and struck by defendant store's employees when he went to his wife's rescue upon seeing her being forcibly detained at the store was insufficient to support plaintiff's claim for intentional infliction of emotional distress.

Am Jur 2d, False Imprisonment § 138; Torts §§ 18-22, 32; Trespass § 8.

APPEAL by plaintiffs from judgment entered 17 April 1989 by *Judge W. Steven Allen, Sr.* in GUILFORD County Superior Court for these two civil actions which were duly consolidated for trial. Heard in the Court of Appeals 4 April 1990.

Plaintiffs' evidence tended to show that Mrs. Lenins was verbally and physically assaulted just after leaving the corporate defendant's store, dragged back in, held against her will and put to great emotional distress. Mr. Lenins' evidence tended to show that he saw his wife being attacked and, when he attempted to rescue her, he too was attacked by the defendant store's employees.

The evidence for the defendant tended to prove that Mrs. Lenins was observed shoplifting and was properly confronted with the accusation. Mrs. Lenins was arrested, charged and tried in the District Court for concealing merchandise and shoplifting. She was found not guilty.

Mrs. Lenins sued for (1) assault and battery, (2) false imprisonment, (3) malicious prosecution, (4) intentional infliction of emotional and mental suffering and distress, and (5) slander. The jury found in favor of the defendants on all issues.

## LENINS v. K-MART CORP.

[98 N.C. App. 590 (1990)]

Mr. Lenins alleged (1) intentional infliction of mental and emotional suffering and distress, and (2) assault and battery. The court dismissed the first cause of action at the close of the plaintiffs' evidence and the jury found for the defense on the second cause of action.

Plaintiffs appeal.

*Robert S. Cahoon for plaintiffs-appellants.*

*Adams Kleemeier Hagan Hannah & Fouts, by Clinton Eudy, Jr. and Trudy A. Ennis, for defendants-appellees.*

LEWIS, Judge.

Plaintiffs bring forward twenty-two assignments of error. Those assignments of error have been combined below into major topical areas.

### I: ALLEGED PREJUDICIAL EXPRESSIONS OF OPINION BY THE TRIAL JUDGE.

Plaintiffs allege that the trial judge made certain statements to the jury which were prejudicial expressions of opinion and were therefore grounds for a new trial.

A. *A statement to the jury during jury selection.*

[1] During jury selection, the trial judge stated to the prospective jurors:

> Now, this case involves an incident at K-Mart, where Mrs. Lenins was a shopper. . . and at which time she was stopped and inquired as to whether or not she had engaged in shoplifting. Of course, she denies that she had engaged in shoplifting, and of course, for that reason she was stopped.

Plaintiff Elsa Lenins contends that this statement "contradicts plaintiff's allegations and testimony concerning the incident and constitutes a charge and a statement of opinion by the court that plaintiff's version of the incident was incorrect, and that plaintiff was in fact stopped because she was in fact guilty of shoplifting." Rule 51(a) of the North Carolina Rules of Civil Procedure states that "no judge shall give an opinion whether a fact is fully or sufficiently proved, that being the true office and province of the jury. . . ." In this instance, the statements in question were made by the judge in the context of jury selection during which the

judge inquired: "Now, is there anybody that's ever been stopped in a store like K-Mart for the alleged offense of shoplifting?"

Since no evidence had yet been presented for the purpose of proving or disproving plaintiff's alleged shoplifting, the judge was not commenting on "whether a fact is fully or sufficiently proved." He was evidently preparing the prospective jurors for the next question concerning their ability to be objective in such a case. We find no prejudicial error in this statement.

    B. *A statement to the jury on the opening of court for the second and third days of the trial.*

[2] Plaintiffs allege that the court's remarks to the jury on the opening of court for the second and third days of trial constituted grounds for a new trial. On the second day of trial, the trial judge stated to the jury:

> Good morning, ladies and gentlemen. We're ready to continue with the trial of this matter. We hope that you had a good evening last evening, that you sit back, relax and stay tuned for the next portion of the trial.

On the third day of trial, the trial judge opened court with this greeting to the jury:

> Good morning, ladies and gentlemen. We're glad to see that you all made it back. Sit back, relax and stay tuned for the next portion of the trial.

Plaintiffs contend that these "remarks equated each plaintiff's cases and evidence to staged, fictional entertainment such as a television program for which jurors should relax and tune in to be entertained . . . and that the plaintiff's case and evidence were not to be taken as real, substantive or serious matters." Citing Rule 51 quoted above, plaintiffs object to such "expressions of opinion." Rule 51, however, clearly refers to the judge who gives an opinion about a "fact" and whether or not that fact has been "fully or sufficiently proved." The trial judge in this case was commenting neither on the evidence nor on the credibility of witnesses. His manner of greeting the jury and his description of the trial process may have been informal and even jocular; however, his statements do not constitute reversible error.

> It does not follow . . . that every ill-advised comment by the
> trial judge . . . is of such harmful effect as to constitute revers-
> ible error. The comment made . . . should be considered in
> the light of all the facts and attendant circumstances disclosed
> by the record, and unless it is apparent that such infraction
> of the rules might reasonably have had a prejudicial effect
> on the result of the trial, the error will be considered harmless.

*Andrews v. Andrews*, 243 N.C. 779, 781, 92 S.E.2d 180, 181 (1956),
*quoting State v. Perry*, 231 N.C. 467, 57 S.E.2d 774 (1950).

## II: RULINGS BY THE TRIAL JUDGE TO ALLOW DESCRIPTIVE INFORMATION ABOUT THE PRIOR CRIMINAL ACTION.

[3] The trial judge in this case allowed testimony about the prior
criminal trial in which Mrs. Lenins was found not guilty of conceal-
ing merchandise and shoplifting. Plaintiff Mrs. Lenins objects on
appeal to the admission of (1) testimony that "the judge's verdict
of not guilty was rendered on a day subsequent to the day testimony
was heard," and (2) testimony that certain witnesses for the defense
at the civil hearing did not testify at that criminal trial. Plaintiff
contends that admission of this evidence over defendants' objec-
tions was "serious, prejudicial" error. Appellants have the burden
to show not only "error but to show that if the error had not
occurred there is a reasonable probability that the result of the
trial would have been favorable to [them]." *Gregory v. Lynch*, 271
N.C. 198, 203, 155 S.E.2d 488, 492 (1967), *quoting Mayberry v.
Charlotte City Coach Lines, Inc.*, 260 N.C. 126, 131 S.E.2d 671
(1963). Appellants in this case have made no such showing. Moreover,
the evidence to which plaintiff objects is relevant in this case since
plaintiff included in the civil action a charge of malicious prosecu-
tion. The definition of malicious prosecution includes the following
elements: "[P]laintiff must prove . . . that the defendant instituted
. . . the criminal proceeding against [plaintiff] . . . without probable
cause; . . . with malice; . . . and that [the proceeding] terminated
in [plaintiff's] favor." *Carson v. Doggett*, 231 N.C. 629, 632, 58
S.E.2d 609, 611 (1950). We find no error.

## III: THE TRIAL JUDGE'S INSTRUCTIONS TO THE JURY ON PLAINTIFF MRS. LENINS' CLAIMS FOR (1) MALICIOUS PROSECUTION AND FOR (2) FALSE IMPRISONMENT OR UNLAWFUL RESTRAINT.

Plaintiffs object to five portions of the trial judge's instructions
to the jury. The standard for analyzing jury instructions was

described in *Hanks v. Nationwide Mut. Fire Ins. Co.*, 47 N.C. App. 393, 267 S.E.2d 409 (1980).

> It is well settled in this State that the court's charge must be considered contextually as a whole, and when so considered, if it presents the law of the case in such a manner as to leave no reasonable cause to believe the jury was misled or misinformed, this Court will not sustain an exception on the grounds that the instruction might have been better.

*Id.* at 404, 267 S.E.2d at 415.

[4] (1) Plaintiff alleges that the trial court erred in charging the jury that a person may be detained if "a rational and prudent man . . . [should] *suspect* that the concealment or larceny had taken place." (Emphasis added.) This instruction is very similar to the pattern jury instructions on malicious prosecution and false imprisonment. N.C.P.I. — Civil 801.00 (Malicious Prosecution) and N.C.P.I. — Civil 802.00 (False Imprisonment). North Carolina courts have also upheld the definition of "probable cause" which allows "a reasonable man to commence a prosecution" when the "facts and circumstances, known to him at the time" would "induce" him to believe that the person charged is guilty of the offense. *Pitts v. Village Inn Pizza, Inc.*, 296 N.C. 81, 87, 249 S.E.2d 375, 379 (1978), *quoting Morgan v. Stewart*, 144 N.C. 424, 430, 57 S.E.2d 149, 151 (1907). The trial court's definition of "probable cause" was without error.

[5] (2) Plaintiff Mrs. Lenins objects to the trial court's instruction to the jury that "the failure of the Court . . . to convict Mrs. Lenins or to find her not guilty is no evidence of lack of probable cause, and you may not consider that fact in determining whether [defendant] Mr. Meetze acted upon probable cause. . . ." Plaintiff contends that this jury instruction is "not . . . a correct statement of the law" and that it is "misleading to the jury because the jury must consider and determine whether plaintiff was acquitted." In fact, according to the North Carolina Supreme Court, it would have been reversible error if the judge had allowed the jury to consider that Mrs. Lenins' acquittal was *conclusive* evidence of lack of probable cause. (Emphasis added.) *Abbitt v. Bartlett*, 252 N.C. 40, 44, 112 S.E.2d 751, 754 (1960). It was not error for the trial court to instruct the jury that evidence of acquittal could not be considered as evidence of lack of probable cause by defendant Meetze.

[6] (3) The trial court instructed the jury with the definition of "legal malice" and stated, in part: "Legal malice occurs when a person institutes a legal proceeding, although he does not believe there's any possibility for success of the action.· . . ." Plaintiff Mrs. Lenins objects to this charge to the jury, stating that it is "misleading to the jury" since it is "not . . . a correct statement of the law because good faith and probable cause (not belief in success) are the only proper basis for prosecution." The trial court's instruction was taken from the pattern jury definition of malice. N.C.P.I.—Civil 801.00 (Malicious Prosecution). Plaintiff contends: "If such language has crept into our decisions it should now be repudiated," but she supports her argument only by appealing to "common experience and knowledge." The trial court properly instructed the jury on the issue of malice for the purpose of a malicious prosecution cause of action.

[7] (4) Plaintiff also objects to the following charge to the jury:

The law further provides this: that a merchant or his agent or employee or peace officer who detains or causes the arrest of any person shall not be held civilly liable for detention or false imprisonment.

According to plaintiff, this charge "is not a correct statement of the law in that it fails to point out that a merchant or his agent *could* be held civilly liable for such acts done in bad faith, wrongfully, or without probable cause. . . ." Plaintiff's statement of the law is correct; however, plaintiff incorrectly states that the trial judge "fail[ed] to point out" a complete statement of the applicable law in his jury instructions. The very next sentence begins with a statement by the judge that he will later be giving instructions on "malicious prosecution." The trial judge continues with his statement of the law concerning a charge of false imprisonment by a merchant.

A merchant or his agent or employee who detains or causes the arrest of any person shall not be held civilly liable for malicious prosecution, where such detaining or causing the arrest of such person by the merchant or its agent or employee is based upon—has reasonable grounds at the time of the detention or arrest probable cause to believe that the person committed the offense created by this section.

Considering the court's charge "contextually as a whole" as indicated in *Hanks v. Nationwide Mut. Fire Ins. Co.* quoted above, 47 N.C. App. 393, 404, 267 S.E.2d 409, 415 (1980), the trial judge presented the law of this case in such a manner that the jury was not misled. The statement of the applicable law in this instance is not reversible error.

(5) Plaintiff Mrs. Lenins alleges that a specific jury instruction "makes even a wrongful arrest . . . immune from suit . . . if done 'politely' or 'reasonably.' " In this assignment of error, plaintiff refers only to the *proposed* instruction and makes no reference to specific objectionable jury instructions on this issue which the trial judge made in the presence of the jury. The trial judge did not make any such erroneous instruction to the jury.

### IV: THE ADMISSION OF PORTIONS OF DEPOSITIONS INSTEAD OF ENTIRE DEPOSITIONS.

[8] Plaintiffs state that the trial court erred in allowing in evidence selected portions of each of the two plaintiff's depositions and in overruling plaintiffs' motions that the entire depositions be admitted. Plaintiff relies on Rule 32(a)(5) of the North Carolina Rules of Civil Procedure.

> If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part which is relevant to the part introduced, and any party may introduce any other parts.

This reliance is misplaced since plaintiffs here allege a right to have the *entire* depositions admitted once a portion has been offered into evidence. The statute allows the admission of "any other *part which is relevant* to the part introduced." (Emphasis added.) We find no error here.

### V: INSUFFICIENCY OF THE EVIDENCE TO WITHSTAND A MOTION FOR A DIRECTED VERDICT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

[9] The elements which a plaintiff must establish in order to recover for intentional infliction of emotional and mental distress in North Carolina are (1) "extreme and outrageous conduct," (2) which "intentionally or recklessly causes" (3) "severe emotional distress to another." *Dickens v. Puryear*, 302 N.C. 437, 447, 276 S.E.2d 325, 332 (1981), *quoting* Restatement (Second) of Torts (1965), § 46. Mr.

**LENINS v. K-MART CORP.**

[98 N.C. App. 590 (1990)]

Lenins' evidence was that he went to his wife's rescue when he saw her accosted by Mr. Meetze and was himself "cursed, abused, assaulted and struck." Defendants state that Mr. Lenins came from behind the security officer and started choking him. The officer hit Mr. Lenins without first seeing him since Mr. Lenins had approached the officer from behind. The determination of whether the conduct alleged was intentional and was extreme and outrageous enough to support such an action is a question of law for the trial judge. *Johnson v. Bollinger*, 86 N.C. App. 1, 6, 356 S.E.2d 378, 381 (1987). The trial judge concluded that the evidence presented was insufficient as a matter of law to withstand defendants' motion for a directed verdict. We agree.

VI: SUBMISSION TO THE JURY THAT DEFENDANTS USED "REASONABLE FORCE," ACTED "JUSTIFIABLY IN SELF DEFENSE," AND ENGAGED IN AN "AFFRAY" WITH PLAINTIFF.

Plaintiff Mr. Lenins cites error in submitting these issues: (1) whether in assaulting the plaintiff the defendants used "only reasonable force to defend or protect its property from harm," (2) whether the defendant Meetze acted "justifiably in self defense" when he assaulted plaintiff, and (3) whether plaintiff Mr. Lenins engaged in an "affray" with defendant Meetze. Plaintiff relies on Rule 49(b) of the North Carolina Rules of Civil Procedure:

Issues shall be framed in concise and direct terms, and prolixity and confusion must be avoided by not having too many issues.

Rule 49(b) has been interpreted as follows: "[T]he form and number of issues to be submitted is a matter which rests in the sound discretion of the trial judge, assuming that the issue is raised by the pleadings, liberally construed." *Link v. Link*, 278 N.C. 181, 190, 179 S.E.2d 697, 702-03 (1971). The pleadings raised the issues submitted and the trial court did not err in submitting these three issues to the jury.

VII: PLAINTIFFS' MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT.

Pursuant to G.S. § 1A-1, Rule 50(b), plaintiffs moved for a judgment notwithstanding the verdict, "on account of errors assigned and to be assigned and on account of [the verdict] being contrary to the evidence and contrary to the law." We hold that the trial court did not err in denying this motion because, as discussed above, there was no prejudicial error committed at trial, and

because ample evidence was presented at trial to support the jury's verdict on all issues. "A presumption exists that the judgment is correct." *Gregory v. Lynch*, 271 N.C. 198, 203, 155 S.E.2d 488, 492 (1967), *quoting Key v. Woodlief*, 258 N.C. 291, 128 S.E.2d 567 (1962).

We find no reversible error in this trial.

Judges ARNOLD and DUNCAN concur.