**Milford SWAIM, Plaintiff,**

v.

**WESTCHESTER ACADEMY, INC.; Peter Cowen, Headmaster; Harry Lejda, Assistant Headmaster; and Luke Hale, Defendants.**

**No. 1:01CV00242.**

United States District Court, M.D. North Carolina.

Aug. 14, 2001.

Mark Floyd Reynolds, II, High Point, NC, for plaintiff.

Allan R. Gitter, Womble Carlyle Sandridge & Rice, Winston-Salem, NC, for defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This matter is before the court on a motion to dismiss by Defendants Peter Cowen, Harry Lejda, and Luke Hale ("Individual Defendants"). The Individual Defendants moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) and (6). No argument is presented as to 12(b)(5); therefore the court will address the motion to dismiss only in light of 12(b)(6). For the following reasons, the Individual Defendants' motion to dismiss will be granted.

## FACTS

Plaintiff Milford Swaim brought his claims under the Age Discrimination in Employment Act ("ADEA"), the Rehabilitation Act, and the state law torts of intentional and negligent infliction of emotional distress. For the purposes of this motion to dismiss, Plaintiff's version of the facts contained in his complaint will be taken as true. Plaintiff's claims arise from his termination from the plant operations and grounds maintenance department of Westchester Academy, Inc. ("Westchester Academy") in High Point, North Carolina.

Westchester Academy employed Plaintiff in a fulltime capacity since July 1995, although he was responsible for grounds maintenance at Westchester Academy for seven years prior to his fulltime employment. In April 2000, Plaintiff received an annual written offer of employment from Defendant Cowen, Headmaster of Westchester Academy. Plaintiff maintains that under the terms of his employment he could be fired only for cause. Defendant Westchester Academy, Inc ., and the Individual Defendants (collectively "Defendants") contend that Plaintiff could be fired at will with thirty days written notice as stated in the copy of the employment contract attached to their answer. (Defs.' Answer Ex. A).

In July 2000, Plaintiff was informed that his immediate supervisor would no longer be Cowen. Plaintiff's new supervisor became Defendant Lejda, the new Assistant Headmaster for Financial Affairs. Lejda commented on Plaintiff's good work on several occasions. Despite these positive remarks, Lejda began to question Plaintiff about his work. Plaintiff states that these inquiries became increasingly hostile although no details of Lejda's alleged hostility are presented in the complaint.

On September 22, 2000, Lejda informed Plaintiff without explanation that he was being discharged from his employment. Plaintiff had not received any written or oral warnings from Defendants. Defendant Hale, who had been hired as a grounds maintenance employee by Westchester Academy in July 1999, assumed Plaintiff's role after Plaintiff's termination. Hale is the stepfather of another Assistant Headmaster at Westchester Academy. Plaintiff claims that he was fired because

Defendants intended to discriminate against him based on his age of sixty-one. Plaintiff also claims that he was fired because of a leg injury and Plaintiff's resulting inability to perform all aspects of his assigned duties. Plaintiff further contends that Defendants acted outrageously and with the intent to cause Plaintiff emotional distress, or with reckless indifference to the likelihood that Plaintiff would suffer emotional distress.

## DISCUSSION

Dismissal under Rule 12(b)(6) is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). " 'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir.1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

The Fourth Circuit has held that individual employees cannot be held liable for discharge decisions under the ADEA. *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir.), *cert. denied*, 513 U.S. 1058, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994). "[P]ersonal liability would place a heavy burden on those who rou-tinely make personnel decisions for enterprises ... and we do not read the [ADEA] as imposing it." *Id.* at 510. Likewise, individual defendants do not face personal liability under the Americans with Disabilities Act ("ADA"). *Baird v. Rose*, 192 F.3d 462, 472 (4th Cir.1999). In the present case, Plaintiff invokes the Rehabilitation Act rather than the ADA. It is not alleged in the complaint that Westchester Academy is federally funded as required for application of the Rehabilitation Act. 29 U.S.C. § 794. Even if the Rehabilitation Act did apply, however, individual supervisors cannot be held personally liable for retaliation. *See Hiler v. Brown*, 177 F.3d 542, 545–47 (6th Cir.1999) (basing its reasoning on the definition of "employer" used by Title VII). Accordingly, Plaintiff's claims of discrimination against the Individual Defendants will be dismissed.[1]

The Individual Defendants argue that Plaintiff's state-law claims of intentional and negligent infliction of emotional distress should also be dismissed because they arise from the discrimination claims. It is not clear from the complaint that Plaintiff's claims for emotional distress are necessarily dependent on the claims of discrimination or whether these claims originate from some other conduct. Viewing the complaint in the light most favorable to the Plaintiff, his claims of intentional and negligent infliction of emotional distress will be treated as distinct causes of action from the claims of discrimination.

A motion to dismiss tests the legal sufficiency of the plaintiff's complaint. *See Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 951 F.Supp. 1224, 1227 (M.D.N.C.

---

1. Plaintiff does not cite any authority to support his argument that the Individual Defendants can be held personally liable for the discriminatory acts alleged. Plaintiff contends that his claims against the Individual Defendants should not be dismissed because discovery is necessary to determine if additional causes of action should be brought. Discovery, however, should not be used as a fishing expedition. *Cohn v. Bond*, 953 F.2d 154, 159 (4th Cir.1991).

1996). To survive a motion to dismiss does "not require a claimant to set out in detail the facts upon which he bases his claim." *Conley*, 355 U.S. at 47, 78 S.Ct. 99. "To the contrary, all the [Federal Rules of Civil Procedure] require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (quoting Fed.R.Civ.P. 8(a)(2)). The Fourth Circuit has stated that "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to *infer* that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir.1972). Plaintiff's complaint does not satisfy this requirement for a claim of intentional or negligent infliction of emotional distress.

■■■ To state a claim for intentional infliction of emotional distress under North Carolina law, Plaintiff must allege that Defendants engaged in extreme and outrageous conduct and that this conduct was intended to cause, and did in fact cause, severe emotional distress. *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). Plaintiff alleges that Defendants acted outrageously either with the intention of causing Plaintiff emotional distress or with reckless indifference to the likelihood that emotional distress would result. Plaintiff bases this claim on his allegedly discriminatory discharge and hostile inquiries made by Lejda. Whether the conduct alleged is sufficiently "extreme and outrageous" is a question of law. *Lenins v. K–Mart Corp.*, 98 N.C.App. 590, 599, 391 S.E.2d 843, 848 (1990). "Rarely will conduct in the employment context rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Wilson v. Southern Nat'l Bank of North Carolina*, 1996 WL 445088, at *5 (4th Cir. Aug.8, 1996) (unpublished). To rise to the level of "extreme and outrageous" conduct, the alleged acts must be "so extreme in degree, as to go beyond all possible bounds of decency" and be regarded as "atrocious, and utterly intolerable in a civilized community." *Daniel v. Carolina Sunrock Corp.*, 110 N.C.App. 376, 383, 430 S.E.2d 306, 310, *reversed in part on other grounds*, 335 N.C. 233, 436 S.E.2d 835 (1993) (quoting *Restatement (Second) of Torts* § 46 cmt. d (1965)). Taken as a whole, Defendants' alleged actions do not rise to the level of extreme and outrageous. Plaintiff alleges no facts that suggest that Defendants went beyond all possible bounds of decency in handling Plaintiff's termination or otherwise. Accordingly, Plaintiff's claim for intentional infliction of emotional distress will be dismissed.

■■■ Under North Carolina law, to state a claim for negligent infliction of emotional distress Plaintiff must show that Defendants negligently engaged in conduct that was reasonably foreseeable to cause Plaintiff severe emotional distress and that this conduct did in fact cause Swaim to suffer severe emotional distress. *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 327 N.C. 283, 304, 395 S.E.2d 85, 97, *reh'g denied*, 327 N.C. 644, 399 S.E.2d 133 (1990). Plaintiff sets forth no allegations indicating that it was reasonably foreseeable that Defendants' conduct would cause Plaintiff severe emotional distress. Presumably, any termination will cause the discharged employee some degree of emotional upset. Plaintiff has not alleged any facts that indicate the Defendants should have reasonably foreseen that Plaintiff would react in any way other than the usual anger and disappointment associated with being discharged.

■ Further, to state a claim for intentional or negligent infliction of emotional distress the court must be able to infer from the complaint that Plaintiff suffered severe emotional distress. Severe emotional distress is "any emotional or mental disorder, such as for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Johnson,* 327 N.C. at 304, 395 S.E.2d at 97. Additionally, "mere temporary fright, disappointment or regret will not suffice." *Id.* The North Carolina Supreme Court has noted that " '[c]omplete emotional tranquility is seldom attainable in this world . . . . *The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.*' " *Waddle,* 331 N.C. at 84, 414 S.E.2d at 27–28 (quoting *Restatement (Second) of Torts* § 46 cmt. j (1965)).

■ Plaintiff makes no factual allegations regarding the type, manner, or degree of severe emotional distress he experienced, if any. The only allegation Plaintiff makes in this regard comes under the section of his complaint entitled, "Disability Discrimination." He states that "As a direct and proximate result of Defendant's [sic] retaliatory misconduct towards the Plaintiff, the Plaintiff has suffered damages which include: A. Mental Anguish; [and] B. Pain and Suffering." (Pl.'s Compl. ¶ 30). This conclusory statement of damages is not sufficient to state a claim for intentional or negligent infliction of emotional distress. Plaintiff's exceedingly sparse allegations do not allow an inference that he has suffered severe emotional distress as required to state a claim for intentional and negligent infliction of emotional distress. Therefore, Plaintiff's intentional and neg-

ligent infliction of emotional distress claims against the Individual Defendants will be dismissed.

## CONCLUSION

For the foregoing reasons, the Individual Defendants' motion to dismiss will be granted. Plaintiff's claims against Westchester Academy, Inc., will remain.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## *ORDER*

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS HEREBY ORDERED that the Individual Defendants' motion to dismiss [Doc. # 4] is **GRANTED,** and Plaintiff's claims against Peter Cowen, Harry Lejda, and Luke Hale are **DISMISSED** with prejudice.