NANCY F. HARRELL, Plaintiff v. SAGEBRUSH OF NORTH CAROLINA, LLC D/B/A/ SAGEBRUSH STEAKHOUSE & SALOON, Defendant

No. COA07-1264

(Filed 15 July 2008)

**Civil Procedure— new trial erroneously granted—repetitive evidence disallowed**

The trial court erred in a premises liability case by granting plaintiff a new trial under N.C.G.S. § 1A-1, Rule 59 based on the trial court's failure to allow the jury to view the videotaped deposition of a former employee of the pertinent restaurant because: (1) the exclusion of testimony cannot be held prejudicial when the same witness is thereafter allowed to testify to the same import, the evidence is thereafter admitted, or the party offering the evidence has the full benefit of the fact sought to be established thereby by other evidence; (2) whether to allow plaintiff to introduce this repetitive evidence was within the trial court's discretion; and (3) by having the former employee read aloud the verbatim transcript of her 4 November 2004 deposition, plaintiff

already had the full benefit of the prior inconsistent statements plaintiff sought to introduce through the videotaped deposition.

Appeal by defendant from judgment entered 31 May 2007 by Judge Milton F. Fitch, Jr., in Duplin County Superior Court. Heard in the Court of Appeals 20 March 2008.

*Burrows & Hall, by Richard L. Burrows, for plaintiff appellee.*

*Thompson & Thompson, P.C., by E.C. Thompson, III, for plaintiff appellee.*

*Helms Mulliss & Wicker, PLLC, by Robert H. Tiller, for defendant appellant.*

McCULLOUGH, Judge.

The sole issue before us on appeal is whether the trial court's grant of a new trial pursuant to Rule 59 was proper. We reverse.

On 10 April 2003, Nancy F. Harrell ("plaintiff") filed a complaint alleging that as a result of defendant's negligence, she sustained damages and injuries in excess of $330,000. The case was tried at the 4 December 2006 Civil Session of Duplin County Superior Court. The evidence presented at trial tended to show the following: On 10 November 2002, plaintiff and her family lawfully visited a Dunn restaurant owned and operated by Sagebrush of North Carolina, LLC d/b/a/ Sagebrush Steakhouse & Saloon ("defendant"). While plaintiff was leaving defendant's premises, plaintiff fell in the lobby area. Plaintiff fell upon her left side, which resulted in serious injuries to her head and hip.

Plaintiff and defendant presented conflicting evidence as to the cause of plaintiff's fall. Plaintiff's evidence tended to establish that plaintiff's fall was proximately caused by defendant's practice of having customers throw discarded peanut shells onto the floor where customers regularly walk. Plaintiff alleged in her complaint that as she was exiting the restaurant, she slipped on some peanut shells that were on the wooden floor. Johonna Harrell, plaintiff's granddaughter, testified that she observed peanut shells less than a foot away from where plaintiff fell. Ben Harrell, plaintiff's son, also testified that he saw peanut shells at or near plaintiff's feet while plaintiff lay on the floor.

On the other hand, defendant's witness, Linda Odom Lloyd ("Lloyd"), defendant's former employee, testified that plaintiff's fall

was not caused by peanut shells or debris on the floor of defendant's premises. Lloyd testified that she was sitting in the lobby area, approximately three or four feet away from where plaintiff fell. She stated that peanuts were not served in the lobby area, that she did not see any shells on the floor where plaintiff fell, and that plaintiff's fall appeared to be caused by "a roll of the ankle, a stumble, something of that nature."

During cross-examination, plaintiff used a written verbatim transcript of Lloyd's 4 November 2004 deposition to demonstrate that Lloyd's testimony at trial was inconsistent with prior statements that she made concerning plaintiff's fall: ·

Q. Okay. Did you see—do you know whether or not [plaintiff] slipped on a peanut shell? Did you go over there and see?

A. Did I go over and look for a peanut? No, sir, I did not go over and look for a peanut.

Q. So you don't know if [plaintiff] slipped on one or not, do you?

A. That's possible, sir.

Q. Okay. Did you—at the time she fell, did you see her complete body?

A. Yes.

Q. Okay. If you would, go to line 25 on the bottom of page 22 . . . . Would you read to the jury what you testified to back in November of 2004?

* * * *

A. . . . "I mean, when I was looking at her, I can't honestly say I saw her full, complete body. You know, I don't know if she— one foot went sideways too much or—I know she was elderly, you know."

* * * *

Q. Ok. Now, I believe you testified that you saw her trip by putting one foot in front of the other.

A. Yes.

Q. Okay. Now, go down to line—page 24, line 4, and read what your testimony was back in November of 2004.

* * * *

A. "You didn't see her trip by putting one foot in front of the other, did you?"

"No, I didn't."

In the rebuttal phase of the trial, plaintiff moved to introduce a video of Lloyd's 4 November 2004 deposition. The trial court denied that motion, noting that plaintiff had already highlighted the inconsistencies in Lloyd's deposition testimony during cross-examination. At the conclusion of the trial, the jury returned a verdict in favor of defendant.

On 13 December 2006, plaintiff moved for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59 (2007). The basis for plaintiff's motion was that the trial court erred by not allowing the jury to view the videotaped deposition. By order filed 31 May 2007, the trial court granted plaintiff's motion, finding that "the Pre-Trial Order listed the video deposition of [Lloyd] as an exhibit for both the Defendant and Plaintiff" and that both parties stipulated that the exhibit could "be received into evidence without objection, further identification or proof[.]" The trial court concluded that Lloyd's deposition was admissible for the purpose of contradicting or impeaching the testimony of the deponent as a witness pursuant to Rule 32(1)(2) of the North Carolina Rules of Civil Procedure, and that plaintiff, therefore, was entitled to a new trial. N.C. Gen. Stat. § 1A-1, Rule 32 (2007).

Although both the Order and plaintiff's motion erronesously cite Rule 59(a)(1)(4), which is not a valid section of the North Carolina Rules of Civil Procedure, a movant's failure to state the particular rule number that is the basis for a motion is not a fatal error as long as the substantive grounds and relief desired are apparent and the nonmovant is not prejudiced by the omission. *Garrison v. Garrison*, 87 N.C. App. 591, 596, 361 S.E.2d 921, 925 (1987). It is apparent from plaintiff's motion as well as from the Order that the trial court granted plaintiff a new trial based upon the legal inference that the exclusion of the videotape of Lloyd's deposition during the rebuttal stage was an error of law. Therefore, the substantive grounds for the trial court's Order are those provided by Rule 59(a)(8): "[e]rror in law occurring at the trial and objected to by the party making the motion[.]" N.C. Gen. Stat. § 1A-1, Rule 59(a)(8).

Where no question of law or legal inference is involved, a motion to set aside the verdict is addressed to the sound discretion of the trial court, and its ruling is not subject to review in the absence of an

abuse of discretion. *Pruitt v. Ray*, 230 N.C. 322, 52 S.E.2d 876 (1949); *Goodman v. Goodman*, 201 N.C. 808, 811, 161 S.E. 686, 687 (1931); *Glen Forest Corp. v. Bensch*, 9 N.C. App. 587, 589, 176 S.E.2d 851, 853 (1970). However, when a judge presiding at a trial grants or refuses to grant a new trial because of some question of law or legal inference which the judge decides, the decision may be appealed and the appellate court will review it. *McNeill v. McDougald*, 242 N.C. 255, 259, 87 S.E.2d 502, 504-05 (1955); *Akin v. Bank*, 227 N.C. 453, 455, 42 S.E.2d 518, 519 (1947). Accordingly, we review a trial court's grant of a new trial pursuant to Rule 59(a)(8) *de novo*. *Kinsey v. Spann*, 139 N.C. App. 370, 373, 533 S.E.2d 487, 490 (2000).

Although the Rules of Civil Procedure provide extensive rights of discovery to any party, the use of a deposition in a civil case at the trial stage is sharply limited. *Maness v. Bullins*, 11 N.C. App. 567, 568, 181 S.E.2d 750, 751, *cert. denied*, 279 N.C. 395, 183 S.E.2d 242 (1971); *Warren v. City of Asheville*, 74 N.C. App. 402, 409, 328 S.E.2d 859, 864, *cert. denied*, 314 N.C. 336, 333 S.E.2d 496 (1985). It is the duty of the judge to control and supervise the course and conduct of the trial. *Miller v. Greenwood*, 218 N.C. 146, 150, 10 S.E.2d 708, 711 (1971). " ' "It is always in a judge's discretion, as indeed it is his duty, to stop an examination when he can see that its further progress will be futile[,]" ' " or when a party seeks to introduce repetitive evidence. *Reeves v. Hill*, 272 N.C. 352, 363, 158 S.E.2d 529, 537 (1968) (citations omitted).

Likewise, our Supreme Court has stated that " '[t]he exclusion of testimony cannot be held prejudicial when the same witness is thereafter allowed to testify to the same import, or the evidence is thereafter admitted, or the party offering the evidence has the full benefit of the fact sought to be established thereby by other evidence.' " *State v. Edmondson*, 283 N.C. 533, 538-39, 196 S.E.2d 505, 508 (1973) (quoting *Strong*, N.C. Index 2d, Appeal and Error, § 49).

Here, whether or not to allow plaintiff to introduce the videotape of Lloyd's deposition, repetitive evidence, was within the trial judge's discretion. By having Lloyd read aloud the verbatim transcript of her 4 November 2004 deposition, plaintiff had the full benefit of the prior inconsistent statements that plaintiff sought to introduce by having the jury view the videotaped deposition. Therefore, the trial court's denial of plaintiff's request to play such video was not prejudicial and was within the trial court's discretion. *See also Lenins v. K-Mart Corp.*, 98 N.C. App. 590, 598, 391 S.E.2d 843, 846 (1990) (holding that

even once a portion of a deposition has been introduced into evidence, a party does not have a right to introduce the entire deposition; the trial court has discretionary authority to exclude portions of such deposition); *Williams v. CSX Transp., Inc.*, 176 N.C. App. 330, 339, 626 S.E.2d 716, 724 (reasoning that whether or not a party can play a videotaped cross-examination to the jury is a decision within the trial court's discretion).

Thus, the trial court's conclusion that its decision to exclude the videotape of Lloyd's deposition amounted to an error of law was erroneous. As such, the grant of a new trial pursuant to Rule 59(a)(8) was improper. *See also* N.C. Gen. Stat. § 1A-1, Rule 61 (2007) ("[n]o error in either the admission or exclusion of evidence . . . or defect in any ruling . . . is ground for granting a new trial . . . unless refusal to take such action amounts to the denial of a substantial right"). Accordingly, we reverse.

Reversed.

Judges STEELMAN and ARROWOOD concur.